Filed 9/20/16  P. v. Aviles CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSE ANTONIO AVILES,<br><br>        Defendant and Appellant. | A146681 & A148084<br><br>(Alameda County<br>Super. Ct. No. H57204) |

In this appeal, counsel for appellant has filed a declaration stating he has reviewed the record in this matter and determined to file a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  He has written appellant and advised him of his conclusion.  He told appellant he may file a supplemental brief with this court raising any issues Aviles believes should be addressed.  More than 30 days have passed and no supplemental brief has been received.  We have reviewed the record in this case and conclude the judgment should be affirmed.  We note the appeal is timely.

**STATEMENT OF THE CASE**

These appeals arise from one action filed in the Superior Court of Alameda County.  In an information filed on March 3, 2015, the district attorney alleged on or about May 20, 2014, appellant committed first degree burglary, a violation of Penal Code[1] section 459 (count 1); and that on or about May 21, 2014, appellant committed the

---

[1] Unless otherwise stated, all statutory references will be to the Penal Code.

offense of receiving stolen property, a violation of section 496, subdivision (a) (count 2), unlawful driving or taking of a vehicle, a violation of Vehicle Code section 10851, subdivision (a) (count 3), possession of a firearm by a felon, a violation of section 29800, subdivision (a)(1) (count 4); carrying a concealed firearm within a vehicle, a violation of section 25400, subdivision (a)(1) (count 5); receiving stolen property, a motor vehicle, a violation of section 496d, subdivision (a) (count 6); resisting, obstructing or delaying a peace officer, a violation of section 148, subdivision (a)(1) (count 7); and trespass by entering and occupying, a violation of section 602, subdivision (m) (count 8).

The information also alleged five prior felony convictions, including one conviction alleged to be a prior serious or violent felony and strike within the meaning of sections 667, subdivisions (a)(1), (e)(1), 1170.12, subdivision (c)(1), and 667.5, subdivision (c); along with four prior prison convictions under section 667.5, subdivision (b). The charges in counts 1, 4, and 5 contained allegations of section 1170, subdivision (h), a mandatory state prison clause.

On July 17, 2015, appellant entered a no contest plea to count 1and admitted the prior strike and prior serious felony allegations. He was represented by appointed counsel. Appellant was properly advised of his rights before the plea was taken. He agreed to a nine-year state prison sentence with the plea. The trial court dismissed the remaining counts and enhancements.

On September 30, 2015, the trial court sentenced appellant to nine years in state prison. The sentence consisted of the low term of two years on count 1, doubled to four years by his prior strike conviction, and further enhanced to a total of nine years in prison for his prior serious felony. Aviles was awarded credits of 996 days for time served pursuant to section 4019. He was directed to pay $2,700 to the restitution fund fine (§ 1202.4, subd. (b)), a $2,700 parole violation fine, which was suspended (§ 1202.45), and other fines based on California statutes.

Appellant filed his timely notice of appeal on October 27, 2015.

On January 22, 2016, by stipulation of the parties, the court ordered appellant to pay restitution in the sum of $16,809.70 to the victim of the burglary, Jeffrey W. (Jeffrey).

Appellant filed a timely notice of appeal from the restitution order on March 1, 2016. The appeal after the restitution hearing constitutes the second appeal in the case.

## STATEMENT OF THE FACTS

While the case involves facts from various criminal acts, we will only address a summary of the case relevant to the facts of conviction offense. On May 20, 2014, a neighbor of Jeffrey phoned him to advise he heard water running in Jeffrey's home located on Tunnel Road in Oakland. The neighbor also indicated he noticed broken glass on the property. Jeffrey then contacted the Oakland Police Department.

The following day, Sheriff's Deputy Armstrong of Alameda County was driving past a home on Robscott Avenue, Hayward. He noticed a maroon Saturn parked in front, which had been reported stolen on May 18. Armstrong observed appellant get out of the Saturn and enter the home. The deputy requested support units.

Shortly after, Armstrong witnessed appellant standing at the front door of the Saturn. At this time, appellant noticed Armstrong and ran back into the home, possessing what the deputy believed was a weapon, which appellant pointed at the officer. Armstrong fired his weapon one time. Amanda August was inside the home on Robscott Avenue. She heard the shot and saw appellant run through her home. Eventually, the officers arrested appellant approximately one block from the Robscott Avenue home.

Because appellant had stayed at the Robscott Avenue home on May 22, officers from the Alameda County Sheriff's Office executed search warrants there and on the Saturn. A BB gun was found in the house and a .40-caliber firearm was found in the car. Officers also found various papers with the names of persons other than appellant, and papers belonging to Jeffrey, in the home.

Deputy Mora contacted Jeffrey to have him identify some of the papers found in the Robscott home. Also, it appeared when the burglar entered the Jeffrey home, several doors were kicked in. A glass door was also broken and blood was on the inside walls near the broken door. Personal property of Jeffrey's was found inside the Saturn appellant was operating and had parked in front of the Robscott residence.

A set of cameras surveilled Jeffrey's neighborhood. One shot showed a bald man wearing a particular watch in the front seat of an automobile. The shirt the man wore and the watch he had were similar to items appellant possessed. Also, on the day of arrest, appellant wore Nike Air Jordan shoes. The design of the sole of the shoes was similar to a footprint placed on the kicked-in door at Jeffrey's home. Based on the similarity, Deputy Mora obtained a search warrant and seized the shoes appellant wore. A criminalist with the county sheriff's department compared the print on the door with the shoes of appellant obtained by a search warrant. The criminalist concluded the design of appellant's shoes matched the print, but found insufficient similarities to conclude appellant's shoe matched the print.

The evidence supporting Jeffrey's restitution claim was based on papers provided by Liberty Mutual, the insurer for the residence. Jeffrey estimated the cost to repair the doors and other damage to the property was $18,122.49. Numerous repairs were needed inside the home to fix damage to the kitchen, carpets, and drywall. Liberty Mutual estimated the "actual cash" value of the items to be replaced or repaired amount to $16,809.70, after depreciation. On September 15, 2015, Jeffrey submitted a claim for restitution of $25,122.49 to the probation department. He claimed $18,122.49 in repair costs, and $7,000 to install additional security. He relied on the Liberty Mutual estimate for his repair cost items, but presented no documentation for the security expense. On January 22, 2016, the parties entered into their stipulation and the court ordered appellant to satisfy the amount of restitution at $16,809.70.

4

## DISCUSSION

We find the record reflects a sufficient basis to sustain the conviction in this case. The parties stipulated to a factual basis for the no contest plea. At all times appellant was adequately represented by trial counsel and the record of the plea colloquy satisfies the legal requirements. There is no certificate of probable cause in the record creating additional issues we would have to consider. The review of the restitution award indicates the trial court exercised his discretion and imposed a sum consistent with the documentary evidence.

## DISPOSITION

We affirm the judgment in this case.

_____
DONDERO, J.

We concur:

_____
HUMES, P. J.

_____
BANKE, J.

A146681/A148048

6